# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association; VICTOR A. HUNTER, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:13-cv-01689-APG-PAL<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiff's motion for preliminary injunction was heard on October 2, 2013 at 2:30 p.m. Diana S. Cline, Esq. of Howard Kim & Associates appeared on behalf of Plaintiff SFR Investments Pool 1, LLC ("SFR"). Chelsea A. Crowton, Esq. of Wright Finlay & Zak, LLP appeared on behalf of Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court has considered the motion, the pleadings and papers on file herein, and the arguments of counsel.

The Court hereby finds that SFR has met its burden for injunctive relief. Plaintiff has a substantial likelihood of success on the merits and will suffer irreparable harm if Wells Fargo continues with the non-judicial foreclosure proceedings before the conclusion of this litigation.

Before Wells Fargo filed its notice of removal, Plaintiff filed a complaint in state court in which Plaintiff sought a preliminary injunction, seeking to enjoin Wells Fargo, its successors, assigns, and agents from continuing foreclosure proceedings, selling, transferring, or otherwise conveying the real property commonly known as **8358 Rygate Avenue, Las Vegas, NV 89178; Parcel No. 176-28-114-081** (the "Property").

1 Plaintiff acquired title to the Property through a foreclosure deed. According to the foreclosure deed recorded on or about April 18, 2013, Plaintiff acquired title to the Property on April 16, 2013 at a publicly-held foreclosure auction pursuant to the powers conferred by the Nevada Revised Statutes § 116 *et seq.* and a Notice of Delinquent Assessment (Lien), recorded on April 5, 2012.

Defendant Victor A. Hunter ("Hunter") obtained title to the Property in January 2009 through a Grant, Bargain, Sale Deed. On January 30, 2009, KH Mortgage, LLC ("KH Mortgage") recorded a deed of trust against the Property to secure a loan to Hunter ("Deed of Trust"). Also on January 30, an assignment was recorded that transferred the beneficial interest in the Deed of Trust, together with the relevant interest in the underlying promissory note, from KH Mortgage to Wells Fargo. A Notice of Default and Election to Sell pursuant to the terms of Deed of Trust was recorded on September 24, 2012. A Notice of Trustee's Sale pursuant to the terms of the Deed of Trust was recorded on August 1, 2012.

Plaintiff argues that Wells Fargo's foreclosure of its Deed of Trust is improper because the April 16, 2013 foreclosure of the Association's lien containing super priority amounts extinguished the Deed of Trust. Wells Fargo argues that NRS § 116.3116(2) establishes a "payment priority" that requires payment to the Association if a first security interest forecloses but does not give the Association the ability to extinguish a first security interest through foreclosure of the Association's lien.

The Court finds that NRS 116.3116 is clear, not ambiguous; therefore, the Court need not look to the legislative history to interpret the statute.[1] Under NRS § 116.3116(1), the Association has a lien on the Property for amounts including delinquent assessments. Pursuant to NRS § 116.3116(4), the recording of the Association's declaration of covenants, conditions and restrictions before the Deed of Trust was recorded constituted perfection and record notice of the Association's lien. NRS § 116.3116(2) provides that the entire Association Lien

---

[1] Even if the Court were to consider legislative history and other sources, the result would be the same. The Court has considered the May 30, 2013 order issued by the Honorable Judge Jerome Tao in *First 100, LLC v. Burns, et al*, (Eighth Judicial District Court Case No. A-13-677693-C), which contains a detailed analysis of NRS § 116.3116. The Court finds Judge Tao's analysis in that order persuasive.

is prior to all other liens and encumbrances of unit except:

(a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
(b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
(c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

NRS § 116.3116(2) further provides that a portion of the Association Lien has priority over a first security interest in the Property:

[the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

The Association may foreclose on its lien, including the portion of its lien that has priority over a first security interest, through the procedures outlined in NRS § 116.31162 through NRS § 116.31168.

In this case, the Deed of Trust held by Wells Fargo is inferior to any super priority portion of the Association's lien. Therefore, the proper foreclosure of the Association's lien containing super priority amounts would have extinguished the Deed of Trust. Accordingly, Plaintiff has demonstrated a likelihood of success on the merits.

It is up to the Nevada Legislature, not this Court, to decide whether the statutory scheme that allows a homeowners association lien to have priority over a first security interest is sound public policy. This Court's obligation is to enforce the law as written, absent some statutory or constitutional infirmity.

IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A. and its agents are restrained and enjoined from continuing with foreclosure proceedings regarding (and from selling, transferring, or otherwise conveying) the real property commonly known as **8358 Rygate Avenue, Las Vegas, NV 89178; Parcel No. 176-28-114-081** (the "Property") until the conclusion of this litigation or further order of this Court.

     IT IS FURTHER ORDERED that Plaintiff SFR Investments Pool 1, LLC post a $5,000.00 bond on or before October 16, 2013 as security for this preliminary injunction. Plaintiff also shall post an additional security bond in the amount of $500.00 per month for each month that this injunction remains in place. The parties may stipulate to have the bond amounts deposited into an interest-bearing escrow or similar account, rather than into the Court.

     IT IS FURTHER ORDERED that Plaintiff shall maintain the Property including, but not limited to, paying all homeowners association assessments and taxes, and carrying hazard insurance in an appropriate amount. Plaintiff shall disclose to Wells Fargo the amount and coverage of that insurance. If, during the litigation, Wells Fargo believes the Property is not being properly maintained or protected, or that an additional bond amount is needed, it may seek appropriate relief from this Court.

     Dated this 4th day of October, 2013 at 2:30 p.m.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE