UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A. and VICTOR A. HUNTER,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-001689-APG-NJK<br><br>**ORDER REMANDING CASE TO STATE COURT** |

　　　　This action originally was filed in Nevada state court. ECF No. 1-2. The complaint contains no allegations regarding the citizenship of plaintiff SFR Investments Pool 1, LLC or of any of the defendants. Defendant Wells Fargo Bank, N.A. removed the case to this Court based on diversity jurisdiction. In its removal petition, Wells Fargo asserts that SFR is a Nevada limited liability company. However, Wells Fargo did not address the citizenship of SFR's members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). Nor did Wells Fargo address the citizenship of defendant Hunter. Therefore, I ordered Wells Fargo to show cause why this case should not be remanded to the state court. ECF No. 135. Wells Fargo responded that it does not oppose this matter being remanded to state court. ECF No. 138.

　　　　Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980

F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure"). As the party seeking to invoke this Court's jurisdiction, Wells Fargo bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). It has not sustained that burden. Therefore, this case must be remanded.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED THIS 22nd day of April, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE